**UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| MEI LONG;<br>YUFEI SONG,<br>　4112A Main ST, Apt 50H,<br>　Flushing, NY 11355<br><br><br>　　　　　Plaintiff(s)<br><br>　　　　v.<br><br>KRISTI NOEM, in her official capacity,<br>Secretary, U.S. Department of Homeland<br>Security;<br>JOSEPH B. EDLOW, in his official capacity,<br>Director, U.S. Citizenship and Immigration<br>Services;<br>　2707 Martin Luther King Jr. Ave, SE<br>　Washington, DC 20528-0485<br><br>PAM BONDI, in her official capacity,<br>Attorney General, Office of Attorney General,<br>U.S. Department of Justice;<br>　950 Pennsylvania Avenue, NW<br>　Washington, DC 20530-0001<br><br><br>　　　　　Defendant(s). | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 3:26-cv-688 |

**PLAINTIFFS' ORIGINAL COMPLAINT**
**FOR WRIT IN THE NATURE  OF MANDAMUS AND VIOLATION OF THE**
**ADMINISTRATIVE PROCEDURE ACT**

Sadaf Ahmed, Attorney for Plaintiffs, JEELANI LAW FIRM, PLC, 511 E John W Carpenter

Fwy # 500, Las Colinas, TX 75062, Ph: 312-767-9030, Facsimile: 312-767-9030, Email:

sadaf@jeelani-law.com.

**INTRODUCTION**

COME NOW MEI LONG (hereinafter "Plaintiff LONG" or collectively "Plaintiffs") and YUFEI SONG (hereinafter "Plaintiff SONG" or collectively "Plaintiffs") the Plaintiffs, by and through the undersigned attorney, in the above cause, and state as follows:

1. Plaintiff SONG is the spouse of Plaintiff LONG, a Chinese national who was lawfully granted Asylee status in the United States on July 26, 2024. On August 26, 2024, Plaintiff LONG properly filed a Petition with the United States Citizenship and Immigration Service ("USCIS") for his spouse, Plaintiff SONG, to receive derivative asylum status. Plaintiff LONG timely, completely, and lawfully filed the requisite Petition to apply for the resulting benefit for Plaintiff SONG. This action is brought as a result of Defendants' failure to adjudicate Plaintiff LONG's Form I-730, Refugee/Asylee Relative Petition ("Petition") within a reasonable period of time. The Petition has been in pending status for a total period of over one year and six months (over 18 months or 554 days) without any action. The Plaintiffs have a clear right to adjudication of the Petition within a timely manner. The final adjudication of the Petition is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

2. Further, the delay in making a decision on the Petition extends well beyond Congress's guideline of 180 days for USCIS to adjudicate petitions and applications for immigration benefits under 8 U.S.C. § 1571.

3. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Petition.

**PARTIES**

4.      Plaintiff MEI LONG is a Chinese national and for purposes of the instant action he is a resident of Queens County, New York.  He holds asylee status in the United States. and is the lawful petitioner of Form I-730, Refugee/Asylee Relative Petition, for his spouse, Plaintiff SONG. The pending Petition allows beneficiary qualification for Plaintiff SONG to be granted asylee status and employment authorization in the United States.

5.      Plaintiff YUFEI SONG is a Chinese national and for purposes of the instant action she is a resident of Queens County, New York. She is the beneficiary of a pending Form I-730, Refugee/Asylee Relative Petition, which was filed by her spouse, Plaintiff LONG.

6.      Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant NOEM is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

7.      Defendant JOSEPH B. EDLOW is the Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

8.      Defendant PAM BONDI is the Attorney General of the United States; she is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against her in her official capacity.

**JURISDICTION AND VENUE**

9.      This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

10.     Venue is proper in the District Court for the Northern District of District of Texas pursuant to 28 U.S.C. § 1391(e) in that this is the district in which Defendant U.S. Citizenship and Immigration Services maintains a facility. Specifically, the USCIS Texas Service Center, located within this District, is currently processing Plaintiff LONG's Petition.

**EXHAUSTION OF REMEDIES**

11.     Plaintiffs have repeatedly requested the Defendants to adjudicate the pending Petition.

12.     Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied USCIS with documents that establish Plaintiffs' eligibility for approval of the Petition.

13.     There are no further administrative remedies available for Plaintiffs to utilize.

**FACTUAL ALLEGATIONS**

14.     On July 26, 2024, Plaintiff LONG was granted asylee status in the United States on account of his showing a well-founded fear of persecution if he returned to his home country.

15.     On August 26, 2024, Plaintiff LONG filed Form I-730, Refugee/Asylee Relative Petition, naming his spouse, Plaintiff SONG, as a beneficiary (Receipt# SRC2427250077) with USCIS.[1] **[EXHIBIT A].**

16.     On August 28, 2024, Plaintiff SONG was informed that USCIS would be able to reuse her previously captured fingerprints and other biometrics and as such she would not be required to appear at a designated USCIS Application Support Center to complete new biometrics. **[EXHIBIT B].**

17.     Since the informing Plaintiff SONG that it would be able to reuse her previously captured fingerprints and other biometrics, on August 28, 2024, USCIS has made no further requests for evidence or information from the Plaintiffs, scheduled Plaintiff SONG for an interview,  and nor has it rendered a decision on the pending Petition.

18.     Plaintiffs have made numerous inquiries over the past one year and six months (over 18 months or 554 days) with USCIS and have requested adjudication of the Petition.

19.     Plaintiffs' inquiries have not resulted in any meaningful response from USCIS.

20.     To date, no such decision has been made.

21.     Plaintiff LONG's Form I-730 now continues to be pending with USCIS for over 18 months.

22.     The delay in making a decision on the Petition extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

23.     In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2024 of 7.3 months for the adjudication of Form I-730 Petitions. Plaintiff

---

[1] Under federal immigration law, a non-U.S. citizen who is granted asylum gains multiple benefits, which include employment authorization, derivative asylum status for family members, an unrestricted social security card, employment assistance, and the ability to apply for adjustment of status to permanent residence after one (1) year. *See* 8 USC § 1158, 1159; INA § 208, 209.

LONG's Form I-730 Petition has been pending for over 18 months, which is almost two and a half times the historical average processing time as reported by USCIS.[2]

24.    Defendants have refused to provide further explanation which would merit the need for over 18 months of processing time.

25.    Plaintiffs have endured significant financial and emotional burdens as a result of the unreasonable period of time that the Petition remains unadjudicated.

26.    Plaintiff LONG has been deprived of the right he has as an asylee to qualify his spouse to become a derivate asylee.

27.    Plaintiff SONG has been deprived of her right to benefit from her spouse's I-730 Petition.

28.    Moreover, Plaintiffs have incurred significant attorney's fees and loss of employment opportunities due to the Defendants' failure in adjudicating Plaintiffs' Petition within a reasonable period of time.

### COUNT I

### VIOLATION OF THE APA- FORM I-730

29.    All prior paragraphs are re-alleged as if fully stated herein.

30.    Plaintiff LONG has a statutory right to petition for his spouse, Plaintiff SONG, to receive derivative asylee status pursuant to INA 208(b)(3) and 8 CFR 208.21(d).

31.    Plaintiff SONG has a statutory right to request and be considered for derivative asylee status pursuant to INA 208(b)(3).

32.    Defendants have a duty to adjudicate Plaintiff LONG's Petition within a reasonable period of time under 5 U.S.C. §555(b).

---

[2] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

33. The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

34. No other adequate remedy is available to Plaintiffs.

35. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate the Petition.

36. Given the Defendants' lack of a reason for not making a decision on Plaintiffs' Petition for over 18 months, Plaintiffs' Petition has been pending for an unreasonably long period of time.

37. Defendants have failed in their statutory duty to adjudicate the Petition within a reasonable period of time.

38. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on the Petition and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

39. Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff LONG's Petition, thereby depriving Plaintiffs of the rights to which they are entitled.

40. In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees.  Also, as a result of Defendants' actions, Plaintiff LONG has been deprived of the right to petition for his spouse to become an asylee, and thereafter a permanent resident of the United States. Furthermore, Plaintiff SONG has been unable to receive her asylee status, employment authorization, and thereafter permanent resident status and has lost time which would have accrued towards her qualification to naturalize as a U.S. Citizen.  In effect, Plaintiffs' lives are on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff LONG's Petition.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff LONG's Petition immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  March 3, 2026                              Respectfully submitted,

                                          /s/ Sadaf Ahmed
**Sadaf Ahmed**
**JEELANI LAW FIRM, PLC,**
**511 E John W Carpenter**
**Fwy # 500, Las Colinas, TX 75062**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax: (312)  549-9981**
***Counsel for Plaintiffs***